UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALEXIA MEADE, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TWO CARING HANDS PRIVATE HOME CARE, LLC and YOLANDA SHAW, <br><br> Defendants. | Civil Action File <br> No. _____ |

**COMPLAINT**

Plaintiff Alexia Meade ("Plaintiff"), by and through counsel, files this Complaint against Defendants Two Caring Hands Private Home Care, LLC ("Two Caring Hands") and Yolanda Shaw ("Defendant Shaw"), collectively ("Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* by failing to pay Plaintiff and similarly situated employees proper overtime wages. Plaintiff files this Complaint against Defendants to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees. Plaintiff alleges as follows:

1

## INTRODUCTION

1. This lawsuit arises from the failure of Defendants to properly calculate and pay Plaintiff and similarly situated employees overtime wages during the period three years prior to the filing of this complaint, June 17, 2019 through June 17, 2022.

## PARTIES

2. Plaintiff is a resident of Georgia in this judicial district and division.

3. Plaintiff consents to be a party and opt-in Plaintiff in this lawsuit and to represent the collective class adequately. See, Exhibit 1, Plaintiff's Declaration and Consent.

4. Two Caring Hands is a Georgia corporation with its principal office address with the Georgia Secretary of State as 1 West Court Square, Suite 750, Decatur, GA 30030.

5. Two Caring Hands' registered agent for service of process is Two Caring Hands PHC, LLC, 1 West Court Square, Suite 750, Decatur, GA 30030.

6. At all relevant times, Defendant Yolanda Shaw was an owner, general manager, and/or primary decision for Two Caring Hands.

7. Defendant Yolanda Shaw can be served at 1133 Woodbridge Dr. NE, Conyers, GA 30039.

8. At all relevant times, Defendants have continuously been employer(s)

engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

9. Defendants employed Plaintiff throughout the relevant period.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391. Defendants transact business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## FLSA VIOLATIONS

12. Defendant Yolanda Shaw owns and operates Defendant Two Caring Hands.

13. Two Caring Hands provides private home care services for senior adults and disabled children.[1]

14. Two Caring Hands services are provided in the following counties: Fayette, Hall, Dekalb, Henry, Cherokee, Cobb, Gwinnett, Clayton, Fulton, and Rockdale.[2]

---

[1] See, http://www.twocaringhands.net/ (last visited June 1, 2022).
[2] See, http://www.twocaringhands.net/about-us.html (last visited June 1, 2022).

A.  **Defendant Shaw is Individually Liability for the FLSA Violations.**

15.  At all relevant times, Defendant Shaw was a manager, owner, and/or primary decision maker of Two Caring Hands and an "employer" of Plaintiff and other similarly situated employees.

16.  At all relevant times, Defendant Shaw had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff and other similarly situated employees; determined Plaintiff's and other similarly situated employee's wages; created Plaintiff's and other similarly situated employee's schedules; and approved Plaintiff's and other similarly situated employee's hours and days off.

17.  Defendant Shaw, as an owner, general manager, and primary decision maker for Two Caring Hands, made the decision of what to pay Plaintiff and similarly situated employees and to withhold overtime compensation in violation of the FLSA.

18.  Defendant Shaw exercised substantial and sufficient control over Plaintiff and similarly situated employees to cause Defendant Shaw to be individually liable for the FLSA violations.

B.  **Plaintiff and Other Caregivers' Employment with Defendants.**

19.  Plaintiff was employed by Defendants for the approximate period April

2018 through the present. Plaintiff remains employed by Defendants.

20. Plaintiff is employed by Defendants as a "personal care assistant/caregiver".

21. At all relevant times, Plaintiff and other personal care assistants/caregivers ("Caregivers") were "employees" of Defendants and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

22. At all relevant times, Two Caring Hands employed, and/or continues to employ, Plaintiff and other Caregivers within the meaning of the FLSA.

23. Plaintiff and other Caregivers employed by Defendants were similarly situated, with similar job duties and responsibilities, and with similar pay structures.

24. At all relevant times, Plaintiff and other Caregivers were non-exempt employees for Defendants.

25. At all relevant times, Defendants had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

26. At all relevant times, Two Caring Hands was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00. Defendant Shaw was part of the enterprise.

27. At all relevant times, Defendants had a policy and practice of

misclassifying Plaintiff and other Caregivers as exempt under the FLSA.

28. During the relevant time period, Plaintiff was a non-exempt employee under the FLSA who was not paid for her overtime hours at a rate of one and one-half her hourly rate.

29. During the relevant time period, Plaintiff and other Caregivers were misclassified as exempt under the FLSA.

30. Plaintiff and other Caregivers' primary job duty was to provide personal home care to Two Caring Hand's clients.

31. Plaintiff and other similarly situated employees did not have any managerial responsibilities.

32. Plaintiff and other Caregivers did not have the authority to hire or fire other employees, or to make recommendations concerning the hiring or firing of employees.

33. Plaintiff and other Caregivers' responsibilities did not require technical or specialized skills or capital investment.

34. Plaintiff and other Caregivers did not exercise any discretion or independent judgment with regard to matters of significance in carrying out their duties.

35. Plaintiff sometimes worked shifts of over 24 hours and worked

overnight at client's homes. Defendants failed to pay Plaintiff overtime for these hours worked. *See*, 29 C.F.R. § 552.109.

36. Plaintiff and other Caregivers provided provision of care activities which allotted for more than twenty percent of their work time.

37. These provision of care duties included but were not limited to: activities of daily living (including but not limited to dressing, grooming, feeding, bathing, toileting, transferring both physically and using a Hoya lift) and tasks that enabled those they cared for to live independently (including but not limited to meal preparation, housework, assisting with physical taking of medications, taking blood pressure and blood sugar, and draining urine from clients' bedside). *See*, 29 C.F.R. § 552.6.

**C.   Plaintiff and Other Caregivers' Unpaid Overtime.**

38. Defendants paid Plaintiff and other Caregivers a flat hourly rate regardless of the amount of hours worked.

39. Defendants violated the FLSA by requiring Plaintiff and other Caregivers to work hours in excess of forty (40) hours a week without compensation for overtime for those hours beyond the 40-hour week.

40. Plaintiff complained to Defendants that she did not believe she was accurately compensated.

41. Despite Plaintiff's complaints, Defendants rebuffed her concerns and continued to incorrectly compensate Plaintiff and other Caregivers in violation of the FLSA.

42. Throughout Plaintiff's tenure, including during the time period relevant to this Complaint, Defendants failed to maintain accurate and sufficient time records for Plaintiff and other Caregivers.

43. At all relevant times, Defendants had a policy and practice of refusing to pay proper compensation to Plaintiff and other Caregivers for hours worked in excess of forty hours per workweek.

44. As a result of Defendants' willful failure to compensate Plaintiff and other Caregivers for all hours worked and at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants violated the FLSA, including 29 U.S.C. §§207(a)(1) and 215(a).

45. Defendants also have failed to make, keep, and preserve records with respect to Plaintiff and other Caregivers in violation of the FLSA, including 29 U.S.C. §§211(c) and 215(a).

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of the statute, 29 U.S.C. § 255(a).

47. Due to Defendants' FLSA violations, Plaintiff and other Caregivers are entitled to recover from Defendants unpaid wages, as well as overtime compensation, an additional amount – equal to the unpaid wages and overtime compensation – as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b) of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiff brings this case on her own behalf and as an "opt-in" collective action on behalf of the following class of employees (the "Collective Class") pursuant to 29 U.S.C. § 216(b):

> All persons who, during the period beginning three years prior to the filing date of this Complaint, were employed by Two Caring Hands Private Home Care, LLC as personal care assistants/caregivers and were denied overtime wage compensation for hours worked over 40 hours in a given workweek.

49. Plaintiff, on behalf of herself and Collective Class members, seeks relief on a collective basis challenging Defendants' failure to properly pay overtime wage for all hours worked over 40 in a given work week in violation of the FLSA.

50. The Collective Class is so numerous that joinder of all members is impracticable. It is believed that the Collective Class includes over twenty persons.

51. Plaintiff's claims and experiences are typical of that of the Collective Class members.

52. Plaintiff will fairly and adequately protect the interests of the Collective Class and has retained counsel that are experienced and competent in the fields of employment law and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with those of the Collective Class members.

53. This Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is not practical. The cost of litigation compared to the anticipated damages make it more efficient to adjudicate this matter as a Collective Action.

54. Common questions of law and fact predominate in this action, including but not limited to:

   a. Identification of all persons in the Collective Class; and

   b. Whether Defendant paid Plaintiff and Collective Class members proper overtime wages for all hours worked over 40 hours in a given work week.

55. Plaintiff has given her written consent to become a party Plaintiff in this collective action under the FLSA. Plaintiff's written consent is attached hereto as "Exhibit 1."

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS
## OVERTIME

56. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

57. At all times during Plaintiff's employment, Defendants were Plaintiff's and Collective Class members' employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

58. At all relevant times, Defendants employed Plaintiff and Collective Class members within the meaning of the FLSA, 29 U.S.C. §§ 201 *et seq*.

59. At all relevant times, Defendants were an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

60. At all relevant times, Defendants misclassified Plaintiff and Collective Class members as exempt under the FLSA.

61. At all relevant times, Defendants failed to compensate Plaintiff and Collective Class members for all overtime hours worked.

62. Defendants willfully violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a) by failing to pay Plaintiff and Collective Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek.

63. The foregoing conduct, as alleged, constitutes a willful violation by Defendants of the FLSA within the meaning of 29 U.S.C. § 255(a).

64. Due to Defendants' FLSA violations, Plaintiff and Collective Class members were damaged and are entitled to recover from Defendants compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and expenses of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A. Designation of this action as a collective action on behalf of the Plaintiff and Collective Class members;

B. Prompt issuance of notice to all Collective Class members, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Opt-In, and appointing Plaintiff and her counsel to represent the Collective Class members;

C. Award all unpaid wages, including but not limited to, all unpaid overtime wage compensation, due under the FLSA to Plaintiff and the Collective Class members;

D. Award of liquidated damages to the Plaintiff and Collective Class members;

E. Award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

F. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Respectfully submitted this July 14, 2022,

        **HALL & LAMPROS, LLP**

        */s/ Brittany A. Barto*
        Christopher B. Hall
        Ga Bar No. 318380
        Brittany A. Barto
        Ga Bar No. 501673

HALL & LAMPROS, LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
brittany@hallandlampros.com

*Attorneys for the Plaintiff*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.